IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 1:22-CR-24** |
| **v.** § | |
| § | |
| § | |
| § | |
| § | |
| **DENZEL ARION ROSS** § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Second Amended Petition for Warrant or Summons for Offender Under Supervision" filed January 19, 2024, alleging that the Defendant, Denzel Arion Ross, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59.

**I. The Original Conviction and Sentence**

Ross was sentenced on July 11, 2013, before The Honorable David L. Russell of the Western District of Oklahoma after pleading guilty to the offense of Bank robbery, a Class B felony. This offense carried a statutory maximum imprisonment term of 25 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of V, was 100 to 125 months. He was subsequently sentenced to 100 months' imprisonment, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse testing and treatment; mental health treatment; search condition; and a $100 special assessment.

## II.  The Period of Supervision

On January 11, 2022, Ross completed his period of imprisonment and began service of the supervision term.  Jurisdiction of this case was transferred on March 16, 2022, and the case was reassigned to The Honorable Marcia A. Crone, U.S. District Judge for the Eastern District of Texas.

## III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising 10 allegations.  The petition alleges that Ross violated the following conditions of release:

Allegation 1. The Defendant must refrain from any unlawful use of a controlled substance.

Allegation 2.  The Defendant must refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to any controlled substances, except those prescribed by a physician.

Allegation 3.  The Defendant shall report to the probation officer as directed.

Allegation 4.  The Defendant must work full regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

Allegation 5.  The Defendant must notify the probation officer at least ten days prior to any change in residence or employment.

Allegation 6. The Defendant must not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

Allegation 7.  The Defendant shall participate in a program of mental health aftercare at the direction of the probation officer and may be ordered to pay any cost associated with treatment and testing.

Allegation 8. The Defendant must participate in a program of substance abuse aftercare at the direction of the probation officer and maybe be ordered to pay any cost associated with treatment and testing.

<u>Allegation 9.</u> The Defendant must no commit another federal, state, or local crime.

<u>Allegation 10.</u> The Defendant must not unlawfully possess a controlled substance.

## IV.  Proceedings

On March 19, 2024, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation.  The Defendant agreed to plead "true" to the fourth allegation that claimed he failed to secure employment.  In return, the parties agreed that Ross should serve a term of 13 months' imprisonment, to be served concurrently with any sentence imposed in 1:17-CR-5, with no supervised release to follow.

## V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony,

more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class B felony, therefore, the maximum imprisonment sentence is 3 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to maintain employment, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of V, the policy statement imprisonment range is 7 to 13 months.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

    Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a standard condition of release that he failed to maintain employment. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is V. The policy statement range in the Guidelines Manual is 7 to 13 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of thirteen

months (to run concurrently with any sentence imposed in 1:17-CR-5), with no supervised release to follow.

### VII. Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a standard condition of release by failing to maintain employment. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of 13 months' imprisonment (to run concurrently with any sentence imposed in 1:17-CR-5), with no supervised release to follow. The Defendant requested to serve his prison term at the Federal Correctional Institution in Bastrop, Texas. The Defendant's request should be accommodated, if possible.

### VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable). The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

SIGNED this 9th day of April, 2024.

Zack Hawthorn
United States Magistrate Judge